**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 99-4447

DANIEL THOMAS DEBTY,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Bryson City.
Lacy H. Thornburg, District Judge.
(CR-98-44)

Submitted: May 25, 2000

Decided: June 6, 2000

Before WILLIAMS, MICHAEL, and KING, Circuit Judges.

_____

Affirmed in part and dismissed in part by unpublished per curiam
opinion.

_____

**COUNSEL**

Michael A. Kolb, Charlotte, North Carolina, for Appellant. Brian Lee
Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Daniel Thomas Debty appeals from his conviction and 180-month sentence imposed following his guilty plea to possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West Supp. 1999). Debty's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the validity of Debty's guilty plea and the appeal waiver, the application of the armed career criminal enhancement to his sentence, and the effectiveness of Debty's trial counsel, but asserting that there are no meritorious issues for appeal. Although advised of his right to do so, Debty has not filed a pro se supplemental brief. We affirm in part and dismiss in part.

Debty signed a written plea agreement in which he agreed to waive his right to appeal his sentence or conviction, except for claims of ineffective assistance of counsel or prosecutorial misconduct. A defendant may waive the right to appeal if that waiver is knowing and intelligent. See United States v. Attar, 38 F.3d 727, 731 (4th Cir. 1994). In determining whether a waiver is knowing and intelligent, we examine the background, experience, and conduct of the defendant. If the district court fully questions a defendant during the plea colloquy pursuant to Rule 11 of the Federal Rules of Criminal Procedure, regarding the waiver of his right to appeal, generally the waiver is valid and enforceable. See United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991).

The transcript of Debty's Rule 11 hearing reveals that he understood the full significance of the waiver provision of his plea agreement. Debty stated that he had reviewed the written plea agreement with his attorney and that he was satisfied with counsel's services. The government summarized the plea agreement, including the waiver provision. Debty acknowledged his signature on the agreement and stated that he understood and agreed with the government's summary. When the magistrate judge specifically asked Debty about the waiver, he stated that he understood he was waiving his right to appeal. On these facts, we find that Debty's waiver was knowingly and intelligently given. Because Debty's claims regarding the validity

2

of his guilty plea and the propriety of the armed career criminal enhancement to his sentence are precluded by his valid waiver of his appeal rights, we dismiss the appeal as to these claims.

Debty also asserts a claim of ineffective assistance of counsel in that counsel made an out of court promise to him that if he pled guilty, he would receive a sentence lower than the guideline range. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's deficient performance plainly appears on the face of the record. See United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Rather, these claims must be brought in a proceeding under 28 U.S.C.A. § 2255 (West Supp. 1999). Because ineffective assistance in the form of a promise of a lesser sentence or in any other form does not plainly appear on the face of this record, Debty must raise his ineffective assistance of counsel claims by way of a § 2255 motion.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. We therefore affirm Debty's conviction and sentence. We deny Debty's attorney's motion to withdraw as counsel at this time. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may again move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART; DISMISSED IN PART

3

p